*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE GARB,

                Petitioner,

v.

MINDY GARB,

                Claimant.

Civil Action No. 18-11769(FLW)

**OPINION**

**WOLFSON, Chief District Judge:**

    This suit involves an alleged injury sustained by Claimant Mindy Garb ("Claimant") aboard Petitioner Lawrence Garb's ("Petitioner") vessel on June 25, 2016, during an afternoon venture on Barnegat Bay in New Jersey. Petitioner filed this action seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. In the instant matter, Claimant moves to dismiss Petitioner's Second Amended Complaint (the "Motion"). For the reasons set forth herein, Claimant's Motion to Dismiss is **DENIED**.

**I.    BACKGROUND**

    For the purposes of this motion, the facts are recounted from the Second Amended Complaint and assumed as true. Petitioner is the owner of a 2006, 18-foot Sugar Sand Mirage vessel (the "vessel"). (Pet'r's Second Am. Compl. ("SAC") ¶ 5, ECF No. 12.) This action arises from an incident which occurred on June 25, 2016, while Claimant, Petitioner, and four others,

were traveling aboard Petitioner's vessel on Barnegat Bay. (Pet'r's SAC ¶ 16.) Claimant, Petitioner's sister, allegedly sustained injuries when, at approximately 2:00 p.m., "a speedboat traveling northbound appeared suddenly in the navigation channel, approaching [Petitioner's] vessel at a high rate of speed," creating a sudden wake which in turn contacted the vessel, and which purportedly caused Claimant to hit her back against the seat. (Pet'r's SAC ¶¶ 31-44.) On May 31, 2018, Claimant filed an action against Petitioner in the Superior Court of New Jersey, Law Division, Essex County, alleging state common law claims of negligence, which Claimant states "likely exceeded the value of Petitioner's interest in the vessel on the date of the alleged incident." (Pet'r's SAC ¶ 55.) Petitioner removed the matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1333, 1441, and 1446. (Not. of Removal, ECF No. 1, *Garb v. Garb et al.*, No. 18-9940(KM)(MAH) (D.N.J. filed May 31, 2018).) Claimant moved to remand under the "savings to suitors" clause of the United States Constitution. (Mot. to Remand, ECF No. 3, *Garb.*) The Honorable Kevin McNulty, U.S.D.J., remanded the matter to the Superior Court of New Jersey on June 19, 2018, upon a stipulation to remand by the parties. (Stipulation, Order, ECF Nos. 4-5, *Garb.*)

On July 18, 2018, while the state litigation was pending, Petitioner filed this suit for Exoneration from or Limitation of Liability as Owner of a 2006, 18-foot bow rider boat pursuant to 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. Petitioner amended his Complaint on July 26, 2018. (Pet'r's Compl. ¶ 1, Pet'r's First Am. Compl. ("FAC"), ECF Nos. 1-2.) In filing this action, Petitioner triggered an automatic stay of the concurrent state court proceeding under 46 U.S.C. § 30511(c). On September 28, 2019, Claimant moved to dismiss Petitioner's FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

2

(Claimant's First Mot. to Dismiss, ECF No. 6.) The Court granted Claimant's Motion to Dismiss, finding that Petitioner failed to plead a factual basis to support exoneration from or limitation of liability; the Court reasoned that Petitioner offered a bare and conclusory denial of negligence, and separately, of privity or knowledge, in his Amended Complaint in the form of a single statement for each element, which was insufficient to survive Rule 12(b)(6). (*See* Letter Order 4-5, ECF No. 11.) The Court permitted Petitioner to file a second amended complaint to cure these deficiencies. (*Id.* at 5.) Petitioner filed the SAC on May 14, 2019. (Pet'r's SAC, ECF No. 12.) Claimant filed the instant Motion to Dismiss on May 23, 2019. (Claimant's Mot. to Dismiss, ECF No. 13.)

## II. LEGAL STANDARD

### A. Standard of Review

Pursuant to Rule 12(b)(6), the Court is entitled to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Rule 8 requires "a short and plain statement that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (internal citations omitted). "When there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. To determine the sufficiency of a complaint, a district court must engage in three-part analysis: (1) "identifying the elements of the claim," (2) "reviewing the complaint to strike conclusory allegations," and (3) "looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B. <u>Limitation of Liability</u>

"Congress enacted the Limited Liability Act in 1851 to promote investment in the commercial shipping industry," and structured the Act to accomplish this by allowing owners of vessels to limit their liability "for any claim, debt, or liability" to "the value of the vessel and pending freight" for "any loss, damage or injury by collision, or any act, matter, thing, loss, damage or forfeiture done, occasioned, or incurred, without the privity or knowledge of the owner." *Gorman v. Cerasia*, 2 F.3d 519, 523 n.3 (3d Cir. 1993); 46 U.S.C. § 30505(a)-(b); *see also The British Transp. Comm'n v. United States*, 354 U.S. 129, 133 (1957). A limitation action against a shipowner differs from an ordinary lawsuit against a shipowner in two respects. "First, it introduces the issue of limitation of liability, a special form of relief or affirmative defense asserted by the shipowner. Second, the proceeding is initiated by the shipowner rather than the claimant actually seeking recovery." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 948 n.14 (3d Cir. 1985) (citation omitted).

To examine whether a limitation of, or exoneration from, liability is appropriate, courts employ a two-step process: (1) "what acts of negligence or conditions of unseaworthiness[1] caused

---

[1] "Seaworthiness is defined as *reasonable* fitness to perform or do the work at hand." *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 n.2 (5th Cir. 1976) (emphasis in the original).

4

the accident," *In re Red Rock Ventures, LLC*, No. 09-2003, 2010 WL 1372076, at *2 (D.N.J. Mar. 31, 2010), and (2) "whether the owner of the vessel had 'knowledge or privity' of these acts of negligence or conditions of unseaworthiness." *Id.* As the Third Circuit has instructed, the burden of proof in seeking exoneration or limitation is divided. In the first instance,

> [t]he claimant must prove that the destruction or loss was proximately caused by negligence on the vessel. Once negligence has been shown to be the cause, the burden then shifts to the shipowner to demonstrate that he comes within the statutory exemption because there was neither design, neglect, privity, nor knowledge on his part.

*Bankers Trust*, 761 F.2d at 948 n.14 (citing *Coryell v. Phipps*, 317 U.S. 406, 409 (1943); *Farrell Lines, Inc. v. Jones*, 530 F.2d 7 (5th Cir. 1976); *Waterman S.S. Corp. v. Gay Cottons*, 414 F.2d 724 (9th Cir. 1969); *In re G.b.R.M.S. Caldas*, 350 F. Supp. 566 (E.D. Pa. 1972), *aff'd* 485 F.2d 679 (3d Cir. 1973)). Thus, on the issue of liability, the damage claimants have the burden of proof while on the issue of limitation, the shipping interests have the burden of proof. *See Gorman*, 2 F.3d at 523 (explaining that "in a proceeding known as a concursus, the district court, sitting in admiralty without a jury, determines whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed").

"Where individual owners are concerned, 'privity or knowledge' has been defined to mean 'some personal participation of the owner in fault or negligence which caused or contributed to the loss or injury.'" *In re Complaint of Cirigliano*, 708 F. Supp. 101, 104 (D.N.J. 1989)(quoting *Coryell*, 317 U.S. at 441) (second citation omitted); *see also In re Roberto*, Civ No. 86-657, 1986 WL 15685, at *2 (D.N.J. Sept. 26, 1986) (determining that finding a collision occurred without the 'privity or knowledge' of the operator of the vessel requires a further factual inquiry).

In her Motion, Claimant argues that Petitioner fails to state a plausible claim for exoneration or limitation for two reasons: first, the owner of a vessel is not entitled to exoneration or limitation when he is also "the operator and negligent party who caused the accident harming Claimant." (Claimant's Moving Br. 5, ECF No. 13-1); second, Petitioner's SAC "again contains nothing more than bare, unsupported conclusory statements that do not give rise to relief." (*Id.*)

More specifically, Claimant contends that under 46 U.S.C. § 30505, an owner of a vessel may only limit liability for negligence that occurred "without the privity or knowledge of the owner." (*Id.* at 6.) In that regard, Claimant maintains that "[i]n a case such as this where [Petitioner] was the sole owner and operator of the pleasure boat," the Court may reach the issue of privity or knowledge without first determining the issue of negligence," because it is clear that under no circumstances may the owner insulate himself from privity or knowledge. Under such an approach, Claimant submits that the issue of the vessel owner's negligence should be litigated in state court. (*Id.* at 7-8.) Claimant cites *Fecht* in support of this "alternate method," and urges the Court to adopt the approach endorsed by the Fifth Circuit under these facts. (*Id.* (citing 406 F.2d at 722).)

Claimant also argues that Petitioner fails to sufficiently allege facts "to support [his] claim that this accident occurred without knowledge or privity of Petitioner." (*Id.* at 11.) Claimant avers that Petitioner's SAC repeats the same deficient allegation regarding privity that the Court found inadequate in Petitioner's FAC. (*Id.*) Claimant contends, "[t]o the extent that Petitioner has added allegations to the SAC, those allegations do not support the allegation that Petitioner lacked privity or knowledge." (*Id.* at 12.)[2]

---

[2] Both parties agree that if the Court denies Claimant's Motion, they should litigate the damages portion of the action in state court. The Court will, therefore, not address this issue. (Claimant's Moving Br. 13-15; Pet'r's Opp'n Br. 8.)

In response, Petitioner argues that "[w]hether or not vessel owner [Petitioner] was onboard during the alleged incident is not germane to the issue of whether he is entitled to maintain this statutory action in admiralty." (Pet'r's Opp'n Br. 4.) Petitioner submits that a vessel owner's presence aboard or operation of a vessel is not dispositive of the issue of privity or knowledge. (*Id.*) To support his position, Petitioner cites case law from authorities in this district, explaining that "denial of an owner's petition for exoneration from limitation of liability cannot be based solely on a finding that the owner was the operator of the vessel at the time the collision occurred." (*Id.* at 5 (citing *In re Tourtellotte*, No. 09-2787, 2010 U.S. Dist. LEXIS 130209, at *7-8 (D.N.J. Dec. 9, 2010)).) Petitioner contends that the Court should first conduct discovery into the issue of whether Petitioner was negligent before reaching the issue of privity. (*Id.* at 5-6.)

Petitioner also argues that the SAC provides a complete set of allegations regarding lack of privity, including "'in detail' the faults of a second vessel owned and operated by a non-party." (*Id.* at 6 (citing *Petition of M/V Sunshine, II v. Beavin*, 808 F.2d 762, 763 (11th Cir. 1987)).) Moreover, Petitioner states that he has included facts describing the reasonable care he took in preparing the vessel for voyage, the reasonable care he took in "transiting safely over the sudden wake to avoid capsizing or being overtaken by the wake," that Petitioner operated the vessel at a "prudent rate of speed and in a reasonable manner," "checked all weather systems while onboard," and "did not cause the wake that resulted in claimant's alleged injury." (*Id.* at 6.) For these reasons, Petitioner maintains that he has sufficiently alleged exoneration from or limitation of liability. (*Id.* at 7.) I will address each argument, in turn.

First, Claimant relies on the method adopted by the Fifth Circuit in *Fecht*. The Fifth Circuit, there, held that "when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to its operation, [and] therefore he is not entitled to limitation

7

for accidents arising from his negligence." *Fecht*, 406 F.2d at 722. In *Fecht*, "one passenger was killed and another injured when a 17-foot outboard motorboat operated by [the petitioner] struck a submerged object." *Id.* at 721. While the district court found that the vessel was seaworthy and its operator free from fault, the circuit court reversed, explaining that "if there was any negligence in the operation of the motorboat, only [the petitioner] could have been guilty of it." *Id.* at 722.

As one court has acknowledged, the *Fecht* approach is not grounded in the text of the Limitation Act, but, certainly, some district courts have adopted this method. *See In re Nagler*, 246 F. Supp. 3d 648, 661 (E.D.N.Y. 2017); *see, e.g.*, *In re Archer*, 20 F. Supp. 3d 1166, 1170 (D. Colo. 2014); *In re Martin*, 18 F. Supp. 2d 126, 128-29 (D. Mass. 1998); *Complaint of Ingoglia*, 723 F. Supp. 512, 515 (C.D. Cal. 1989). It appears that *Fecht*, however, "is the only circuit court case to dismiss a Petition without insisting on a showing that the owner's own negligence caused the accident." *Keller v. Jennette*, 940 F. Supp. 35, 37 (D. Mass. 1996), and the Fifth Circuit has since revised its position. *See In re Farrell Lines*, 530 F.2d 7, 10 (5th Cir. 1976). In fact, the Sixth and Eleven Circuits have criticized *Fecht*'s approach. *See Estate of Muer v. Karbel*, 146 F.3d 410, 416 (6th Cir. 1998); *In re M/V Sunshine, II*, 808 F.2d 762, 764 (11th Cir. 1987). In those courts' view, "it is not the case . . . that simply alleging facts that support a finding of knowledge or privity, the second step in the district court's inquiry, leads to a dismissal as a matter of law of a [Limitation] action." *Estate of Muer*, 146 F.3d at 416. Indeed, "the claimant [initially] carries the burden of demonstrating negligence and thus the mere showing of privity or knowledge, the second step does not preclude a [Limitation] action." *Id.* Importantly, as the Sixth Circuit explained,

> [t]he strength of *Fecht*'s authority is also undermined by the fact that the Fifth Circuit based its decision in *Fecht* on the fact that the limitation of the owner's liability would not have been possible under any circumstances because the vessel owner had stipulated prior to trial that the complaint, insofar as it sought a limitation of liability, was withdrawn and that the vessel owner was seeking only exoneration. *See Fecht*, 406 F.2d at 722 n.4. In that sense, *Fecht*'s statements that an owner at the helm cannot

8

> limit liability do not carry the authority urged by the appellant. In addition, the cited district court decisions are certainly in the minority.

*Id.* at 416, n.2.

Unfortunately, the Third Circuit has not weighed in on this issue. That said, courts in New Jersey have decidedly rejected *Fecht*'s approach. *See Cirigliano*, 708 F. Supp. at 104; *Tourtellotte*, 2010 U.S. Dist. LEXIS 130209, at *7-8. Indeed, these district courts held that "a denial of an owner's petition for exoneration from limitation of liability . . . [cannot] be based solely on a finding that the owner was the operator of the vessel at the time the collision occurred," *Cirigliano*, 708 F. Supp. at 103, because doing so on a motion to dismiss would effectively excuse the claimant from carrying the initial burden of demonstrating what acts of negligence or conditions of unseaworthiness caused the accident in question. *Id.*

Having reviewed the relevant authorities, I, too, agree with those decisions that have rejected *Fecht*. I start with the Third Circuit's guidance that the burden of proof in seeking exoneration or limitation is divided, such that the claimant must first demonstrate negligence on the part of the boat owner, which then shifts the burden to the owner to show that there was no privity or knowledge. *Bankers Trust*, 761 F.3d at 948. In that connection, the Supreme Court has defined privity or knowledge under the Limited Liability Act as "some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury." *Coryell*, 317 U.S. at 411. Thus, it would turn the burden-shifting analysis on its head if this Court were to find, at the motion to dismiss stage, that Petitioner had privity or knowledge based on the pleadings, without first finding – based on a factual record – the negligent act that caused the accident. Indeed, as the Eleventh Circuit has observed, in most circumstances,

> negligence in operation will be sufficiently connected to the owner on board his own small vessel and operating it that he will be found to have privity or knowledge, but this common sense recognition of

> how the facts will usually work out is not an ineluctable doctrine to be applied at the pleading stage, on conclusory and disputed allegations, as a substitute for the knowledge necessary to lead a court to rational decision.

*M/V Sunshine*, 808 F.2d at 765. For these reasons, I reject Claimant's call to adopt the approach taken in *Fecht*.

Next, Claimant contends that the Limited Liability Act was intended to apply to capital investors, not individual operators of pleasure-craft who operate their own vessels. (Claimant's Moving Br. 6.) I disagree. In at least three instances, the Supreme Court has treated pleasure boats as being within the scope of the admiralty rule of limitation of liability. *See Levinson v. Deupree*, 345 U.S. 648 (1953) (discussing limitation of liability in the context of a wrongful death action arising out of a collision of two motorboats on the Ohio River); *Just v. Chambers*, 312 U.S. 383 (1941) (dealing with limitation of liability proceedings by owners of pleasure boats); *Coryell*, 317 U.S. at 406 (same). Based on these Supreme Court decisions, the Fourth Circuit, too, extended the limitation in situations where pleasure boats are involved. *See Richards v. Blake Builders Supply, Inc.*, 528 F.2d 745, 749 (4th Cir. 1975); *Shaw v. Kidder*, No. 87-2665, 1988 U.S. App. LEXIS 20188, at *2 (4th Cir. May 5, 1988). Notably, the Second, Sixth, Eleventh and Fifth Circuits are in accord. *See Complaint of Interstate Towing Co.*, 717 F.2d 752 (2d Cir. 1983); *In re Young*, 872 F.2d 176, 177 (6th Cir. 1989); *M/V Sunshine*, 808 F.2d at 762; *Gibboney v. Wright*, 517 F.2d 1054, 1057 (5th Cir. 1975). Indeed, as the Second Circuit has explained, "Congress did not intend courts to invent fine distinctions among vessels under [Limited Liability Act] based on presumed legislative intent," and that "[f]ederal admiralty jurisdiction is not limited to commercial maritime activity." *Kroemer v. Guglielmo*, 897 F.2d 58 (2d Cir. 1990).

Here, the Court has no reason to depart from these well-reasoned circuit decisions. The fact that this case unquestionably involves "maritime" and "navigation," puts the dispute squarely

within the scope of the Limited Liability Act, without regard to a distinction between commercial or non-commercial activity. In other words, the Court holds that pleasure crafts are subject to the Act's limitation on liability. *See In re Complaint of Dillahey*, 733 F. Supp. 874, 879 (D.N.J. 1990) (explaining in detail that the Limitation Liability Act applies to pleasure boats); *In re Roberto*, 1987 AMC 982, 984 (D.N.J. 1986).

Finally, the Court finds that Petitioner has adequately alleged privity or knowledge. The Third Circuit has articulated that "[t]he right to seek exoneration from or limitation of liability . . . places upon the shipowner the affirmative duty to establish that the damage caused by the vessel was occasioned without the shipowner's privity or knowledge." *Bankers Trust Co.*, 781 F.2d at 948. Here, Petitioner has cured the deficiencies within the FAC, as identified by the Court in its previous decision. In that regard, the SAC includes allegations that (i) Petitioner took all reasonable care in operating the vessel, which Petitioner alleged was seaworthy; (ii) Petitioner exercised the vessel in good weather conditions; (iii) the cause of the negligence was that of the operator of a third-party; and (iv) in navigating the unforeseen wake, Petitioner continued to act with due reasonable care in preventing the vessel from capsizing or being overtaken by the wake. (Pet'r's SAC ¶¶ 31-49.) Based on those allegations, I find that Petitioner has adequately pled privity or knowledge to survive Claimant's motion.

## III. **CONCLUSION**

The Court has considered the parties' arguments without oral argument, pursuant to Rule 78 and Local Civil Rule 78.1(b). For the reasons set forth above, and for good cause shown, Claimant's Motion to Dismiss is **DENIED**. (Claimant's Mot. to Dismiss, ECF No. 13.) An appropriate Order follows.

DATED: December 19, 2019                              /s/      Freda L. Wolfson
                                                     Hon. Freda L. Wolfson
                                                     U.S. Chief District Judge